Roy ELLINGTON, Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant-Appellee.

No. 82–1884.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 14, 1984.

Decided July 6, 1984.

David B. Grant, Gary M. Busch (argued), Southfield, Mich., for plaintiff-appellant.

Leonard R. Gilman, U.S. Atty., L. Michael Wicks, Asst. U.S. Atty. (argued), Detroit, Mich., for defendant-appellee.

Before MERRITT and WELLFORD, Circuit Judges, and BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

The medical-vocational guidelines, the so-called "grid," 20 C.F.R. §§ 404.1501–1599 (1983), recently adopted by the Social Security Administration and upheld by the Supreme Court in *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), determines whether a social security claimant receives disability benefits when a physical disability limits the claimant to only sedentary work and prevents him from doing his past work. The grid assumes that sedentary jobs are available or unavailable to the claimant depending on his age, education and "transferable skills." Thus, the claimant in the instant case, who is over 55 and can perform only sedentary work, is designated as disabled by the grid and made eligible for benefits, unless he has an education that allows "direct entry into skilled work" or has "transferable skills." The question in the instant case is whether the capacity to exercise "independent judgment" constitutes a "transferrable skill" within the meaning of the grid. We conclude that the phrase

"transferable skill" requires more than mere "judgment" and reverse the decisions to the contrary by the District Court and the Secretary.

The Secretary found that the claimant's work was semi-skilled in nature and imparted to him "skills that are transferable to work other than that previously performed." The Secretary concluded that Regulation 404.1569 and Rule 201.03, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct that "claimant, considering his maximum sustained work capability, age, education, and work experience, be found 'not disabled.'" (See Appendix for Table 1.)

Claimant filed the instant action seeking review of the Secretary's decision under 42 U.S.C. § 405(q). Magistrate Lynn V. Hooe, Jr. issued a report on May 13, 1982, recommending that the Secretary's decision be reversed. Although the Magistrate determined that there was substantial evidence in the record to support the ALJ's findings of claimant's residual capacity for sedentary work, advanced age, and marginal education, the Magistrate determined that Rule 201.03 of the medical-vocational guidelines did not apply to claimant because the latter's work as a job setter in the auto industry had been unskilled.

The District Court rejected the Magistrate's recommendation and affirmed the Secretary's final decision. It noted that the claimant had contradicted his testimony at the hearing in his handwritten Exhibit No. 5 in which he described his job as occasionally requiring supervisory skills. The District Court determined that the claimant's handwritten exhibit and the vocational expert's testimony about the general nature of claimant's work constituted substantial evidence to support a finding that he acquired the transferable skills of independence of judgment and responsibility for a work product from his job and that Rule 201.03 of the grid directed that he be found not to be disabled.

There is no dispute in the instant case that the claimant is of an advanced age and has a marginal education. The Secretary, the Magistrate, and the District Court also all agree that there is substantial evidence in the record to support the finding that the claimant herein has the residual capacity to do sedentary work. The critical question in this case, therefore, becomes whether claimant acquired transferable job skills under the grid and, thus, presumably would be able to find sedentary jobs in the national economy that he could perform.

The Secretary determined that the claimant's work as a job setter was semi-skilled and imparted to him the transferable skills of "judgment and utilization of tools." The District Court determined there was substantial evidence in the record to support a finding that claimant had acquired the transferable skills of "independence of judgment" and "responsibility for a work product."

Both the Secretary's and the District Court's determinations regarding the claimant's transferable skills are in error. The grid defines and treats skills as specific and articulable abilities, which are learned. According to 20 C.F.R. Subpart P, Appendix 2, Rule 201.00(f) (1983), "[i]n order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 or over), there must be little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." The definition of semi-skilled work in 20 C.F.R. § 404.1568(b) (1983) refers to such abilities as "inspecting, testing or otherwise looking for irregularities," which are developed over a period of time through experience or training or both. 20 C.F.R. § 404.1565(a) (1983) defines work experience as "skills and abilities you have *acquired* through work which show the type of work you may be expected to do." (emphasis added).

That "transferable skills," as the term is used in the grid, must be particular acquired characteristics is further demonstrated by Rules 201.05 and 201.08. These rules direct that claimants who have not had a work history imparting transferable skills but have benefited from particular vocational education "provid[ing] for direct

entry into skilled work" are considered to be not disabled. Thus transferable skills for the purposes of the grid are made equivalent to education. Such skills refer to learned abilities which combine knowledge with coordinated physical movements, such as operating a typewriter, or a learned mental discipline, or an area of expertise.

"Independence of judgment" and "responsibility for a work product" are too vague to constitute particular skills which are transferable. If "independence of judgment" and "responsibility for a work product" are to be considered skills independent of any particular tasks a claimant can perform, there is then no basis for distinguishing claimant's skills from those of a lawyer, a secretary or a nuclear physicist.

Judge Cohn's discussion of this same question in *Blake v. Secretary of Health & Human Services*, 528 F.Supp. 881 (E.D. Mich.1981), is helpful. In that decision, the Secretary had determined that the claimant had acquired the transferable skill of "use of judgment" from her work as a car inspector. Although the District Court found substantial evidence in the record to support the finding that that claimant's prior work had been semi-skilled, the District Court concluded that the claimant had not acquired transferable skills. In reaching its conclusion, the District Court noted that the distinction between skills and aptitudes is "implicit" in the grid and that "[s]kills relates to specific 'vocationally significant work activities,' while aptitudes involve only 'basic work activities' ... necessary to do most jobs." *Id.* at 885. *See also* 20 C.F.R. §§ 404.1521(b), 404.-1568(d)(1) (1983).

Judge Cohn emphasized that "[u]nder the regulations, a person restricted to sedentary work and handicapped by the adversities of advanced age and limited education is presumed disabled unless these limitations are compensated by the 'substantial vocational asset' of transferable work skills." 528 F.Supp. at 886. *See* 20 C.F.R. Subpart P, Appendix 2, Rule 201.00(d) (1983); 43 Fed.Reg. 55355 (November 28, 1978). He reasoned that "[t]his presumption [of disability] would be effectively negated if such basic aptitudes as the ability to see, think, and use ones hands, common to most persons, are considered transferable skills." 528 F.Supp. at 886.

This reasoning applies with equal force in the instant case. Accordingly, the judgment of the District Court is reversed and the case is remanded to the Secretary for the award of benefits.

## APPENDIX

Table No. 1—Residual Functional Capacity: Maximum Sustained Work Capability Limited to Sedentary Work as a Result of Severe Medically Determinable Impairment(s)

| Rule | Age | Education | Previous work experience | Decision |
|---|---|---|---|---|
| 201.01.... | Advanced age.. | Limited or less ..... | Unskilled or none ........ | Disabled. |
| 201.02.... | ....do......... | ....do ............ | Skilled or semiskilled—skills not transferable [1]. | Do. |
| 201.03.... | ....do......... | ....do ............ | Skilled or semiskilled—skills transferable [1]. | Not disabled. |
| 201.04.... | Advanced age.. | High school graduate or more—does not provide for direct entry into skilled work [2]. | Unskilled or none ........ | Disabled. |
| 201.05.... | ....do......... | High school graduate or more—provides for direct entry into skilled work [2]. | ....do.................... | Not disabled |

TABLE NO. 1—RESIDUAL FUNCTIONAL CAPACITY: MAXIMUM SUSTAINED WORK CAPABILITY LIMITED TO SEDENTARY WORK AS A RESULT OF SEVERE MEDICALLY DETERMINABLE IMPAIRMENT(S)—Continued

| Rule | Age | Education | Previous work experience | Decision |
|---|---|---|---|---|
| 201.06.... | ....do........ | High school graduate or more—does not provide for direct entry into skilled work[2]. | Skilled or semiskilled—skills not transferable[1]. | Disabled. |
| 201.07.... | ....do........ | ....do ............ | Skilled or semiskilled—skills transferable[1]. | Not disabled. |
| 201.08.... | ....do........ | High school graduate or more—provides for direct entry into skilled work[2]. | Skilled or semiskilled—skills not transferable[1]. | Do. |
| 201.09.... | Closely approaching advanced age. | Limited or less ..... | Unskilled or none ........ | Disabled. |
| 201.10.... | ....do........ | ....do ............ | Skilled or semiskilled—skills not transferable. | Do. |
| 201.11.... | ....do........ | ....do ............ | Skilled or semiskilled—skills transferable. | Not disabled. |
| 201.12.... | ....do........ | High school graduate or more—does not provide for direct entry into skilled work[3]. | Unskilled or none ........ | Disabled. |
| 201.13.... | ....do........ | High school graduate or more—provides for direct entry into skilled work[3]. | ....do .................... | Not disabled. |
| 201.14.... | ....do........ | High school graduate or more—does not provide for direct entry into skilled work[3]. | Skilled or semiskilled—skills not transferable. | Disabled. |
| 201.15.... | ....do........ | ....do ............ | Skilled or semiskilled—skills transferable. | Not disabled. |
| 201.16.... | ....do........ | High school graduate or more—provides for direct entry into skilled work[3]. | Skilled or semiskilled—skills not transferable. | Do. |
| 201.17.... | Younger individual age 45–49........ | Illiterate or unable to communicate in English. | Unskilled or none ........ | Disabled. |
| 201.18.... | ....do........ | Limited or less—at least literate and able to communicate in English. | ....do .................... | Not disabled. |
| 201.19.... | ....do........ | Limited or less ..... | Skilled or semiskilled—skills not transferable. | Do. |
| 201.20.... | ....do........ | ....do ............ | Skilled or semiskilled—skills transferable. | Do. |
| 201.21.... | ....do........ | High school graduate or more .......... | Skilled or semiskilled—skills not transferable. | Do. |
| 201.22.... | ....do........ | ....do ............ | Skilled or semiskilled—skills transferable. | Do. |
| 201.23.... | Younger individual age 18–44........ | Illiterate or unable to communicate in English. | Unskilled or none ........ | Do.[4] |

TABLE NO. 1—RESIDUAL FUNCTIONAL CAPACITY: MAXIMUM SUSTAINED WORK CAPABILITY LIMITED TO SEDENTARY WORK AS A RESULT OF SEVERE MEDICALLY DETERMINABLE IMPAIRMENT(S)—Continued

| Rule | Age | Education | Previous work experience | Decision |
|---|---|---|---|---|
| 201.24.... | ....do......... | Limited or less—at least literate and able to communicate in English. | ....do.................... | Do.[4] |
| 201.25.... | ....do......... | Limited or less ..... | Skilled or semiskilled—skills not transferable. | Do.[4] |
| 201.26.... | ....do......... | ....do ............. | Skilled or semiskilled—skills transferable. | Do.[4] |
| 201.27.... | ....do......... | High school graduate or more .......... | Unskilled or none ........ | Do.[4] |
| 201.28.... | ....do......... | ....do ............. | Skilled or semiskilled—skills not transferable. | Do.[4] |
| 201.29.... | ....do......... | ....do ............. | Skilled or semiskilled—skills transferable. | Do.[4] |

[1] See 201.00(f).
[2] See 201.00(d).
[3] See 201.00(g).
[4] See 201.00(h).