805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley NEWMAN, Plaintiff-Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 85-1790.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1986.
 
 Before LIVELY, Chief Circuit Judge, MERRITT, Circuit Judge, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Shirley A. Newman appeals from the district court's order affirming the Secretary's denial of disability insurance benefits. For the following reasons, we affirm the district court.
 
 I.
 
 2
 Shirley A. Newman filed her application for disability insurance benefits on March 22, 1979 alleging a disability onset date of March 17, 1979. Claimant alleged disability due to a ruptured disc, and also asserted that she suffered from disabling pain. An Administrative Law Judge (ALJ) conducted a hearing, and on June 23, 1980 the ALJ issued an opinion declaring the claimant was not disabled. The Appeals Council granted claimant's request for review on November 5, 1980 and held that the ALJ had erred in finding the claimant was a "younger individual" when, in fact, she was "closely approaching advanced age." Although the ALJ had stated that the claimant did not have transferable skills, the Appeals Council remanded the case to the ALJ, reasoning that "further development is required to determine whether or not the claimant acquired skills in her previous work experience [as a township treasurer] which are readily transferable to a significant range of skilled or semi-skilled work within the claimant's residual functional capacity."[1]
 
 
 3
 On remand, a hearing was conducted on May 5, 1981 before another ALJ where the claimant and a vocational expert testified and medical evidence was reviewed. The claimant testified that her township treasurer position, which was an elected position, required her to inform individuals what they owed in taxes, to receive money from these individuals, prepare receipts and make the necessary deposits, and then to disburse the money to various municipal agencies. The amount of taxes owed by the individuals had already been calculated and entered into a book, and the bills were pre-prepared and the envelopes pre-addressed. The claimant merely transferred the information from the book, stuffed the envelopes with the necessary information and placed stamps on the envelopes prior to mailing. She did not determine the amount or number of disbursements to be made, but was required to have money orders prepared for pre-calculated amounts. This aspect of the job lasted for a period of only three months each year. She worked out of her home and received help from family members.
 
 
 4
 The vocational expert testified that the claimant's township treasurer job gave rise to transferable skills, including
 
 
 5
 speaking and writing clearly to report financial information, the filing and recording of various amounts of money, the reporting to her immediate supervisor, reporting and dissemination of information gained from federal agencies down to the township level. The use of mathematics in adding and subtracting; the understanding and use of small electronic instruments, such as calculators and so forth.
 
 
 6
 The vocational expert testified that these skills would transfer to sedentary work positions such as an account clerk, bookkeeper, or check and document verifier, of which there were approximately 1500 to 3000 statewide.
 
 
 7
 The ALJ concluded that the claimant had the residual functional capacity to do sedentary work and that her previous work experience gave rise to transferable skills. Combining these factors with his findings that the claimant was closely approaching advanced age and had a limited education, the ALJ held that the medical vocational guidelines dictated a finding of not disabled. See 20 C.F.R. Pt. 404, Table No. 1, App. 2, Subpt. P, Rule 201.11. This decision was affirmed by the Appeals Council, thereby becoming the final decision of the Secretary.
 
 
 8
 The claimant appealed to the United States District Court for the Western District of Michigan pursuant to 42 U.S.C. Sec. 405(g). The district court affirmed the Secretary's denial of benefits, concluding that there was substantial evidence to uphold the Secretary's decision. This appeal followed.
 
 II.
 
 9
 The claimant makes only two arguments on appeal. First, the appellant argues that the Appeals Council erred in its November 1980 decision by remanding the case for further proceedings rather than awarding benefits. Second, the claimant asserts that the ALJ's conclusion that her township treasurer job gave rise to transferable skills is not supported by substantial evidence.[2] Both of these arguments are without merit.
 
 A.
 
 10
 After the initial hearing, an ALJ found that the claimant was a "younger individual," had limited education, her work experience did not give rise to significant transferable skills and the claimant had the residual functional capacity to do sedentary work. Relying on the grid, the ALJ found that the claimant was not disabled. See 20 C.F.R. Pt. 404, Table No. 1, App. 2, Subpt. P, Rule 201.18.[3] The Appeals Council held that the ALJ had erred in holding the claimant was a younger individual; since the claimant was fifty years old, she was "closely approaching advancing age." Were the ALJ's other findings accepted, the grid would have directed a finding of disabled. See id. at Rules 201.09 and 201.10. However, the Appeals Council did not accept the ALJ's conclusion that claimant's past relevant work did not give rise to transferable skills. Rather, noting the claimant's description of her responsibilities as a township treasurer, the Appeals Council remanded the case for further consideration as to whether claimant had obtained transferable skills.
 
 
 11
 Contrary to the claimant's assertions, there is no requirement that the Appeals Council reverse and award benefits when it justifiably believes that the record requires further development. Certainly federal courts have this option when it is determined that "more evidence is necessary to develop the facts necessary to determine the cause." See Forbes v. Finch, 307 F.Supp. 1000, 1005 (E.D.Tenn.1969); Dyer v. Richardson, 347 F.Supp. 478, 482 (E.D.Tenn.1972). See also 42 U.S.C. Sec. 405(g);[4] Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). In the instant case, a review of claimant's record convinced the Appeals Council that more evidence was required in order to determine whether the claimant had transferable skills; we cannot find that the Appeals Council abused its discretion in this regard.
 
 B.
 
 12
 The claimant finally asserts that substantial evidence does not support the ALJ's conclusion that the claimant's job gave rise to transferable skills which resulted in a finding of not disabled pursuant to Rule 201.11 of the medical vocational guidelines. See 20 C.F.R. Pt. 404, Table No. 1, App. 2, Subpt. P, Rule 201.11. If her past work experience did not give rise to transferable skills as the claimant asserts, the medical vocational guidelines would direct a finding of disabled. See id. at Rule 201.10.
 
 
 13
 We do not believe that this case is analogous to the cases of Ellington v. Secretary of Health & Human Services, 738 F.2d 159 (6th Cir.1984) and Blake v. Secretary of Health & Human Services, 528 F.Supp. 881 (E.D.Mich.1981), where it was noted that aptitudes such as "good eyesight" and "independent use of judgment" simply could not be considered transferable skills. Those cases held that skills must be "specific and articulable abilities, which are learned," Ellington, 738 F.2d at 160, as compared to " 'basic work activities ... necessary to do most jobs.' " Blake, 528 F.Supp. at 885 (quoting 20 C.F.R. Sec. 404.1521(b)).
 
 
 14
 We believe that the ALJ's findings in this case are consistent with Ellington and Blake. The ALJ had the benefit of hearing the claimant's explanation of her job responsibilities as well as the vocational expert's analysis of these responsibilities in relation to the transferability of skills. The vocational expert's testimony provides more than adequate support for the ALJ's conclusion that the claimant had acquired transferable skills from her previous work experience which were both "specific and articulable" and learned.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The claimant had also been employed as a cleaning lady and a linen supply worker, which qualify as unskilled employment
 
 
 [2]
 The claimant does not challenge the ALJ's conclusions that she has the residual functional capacity to perform sedentary work and does not suffer from disabling pain. Therefore, we find it unnecessary to review the medical evidence
 
 
 [3]
 Rule 201.18 presumes the claimant's past relevant work is unskilled, although the ALJ did note that her past relevant work was partially semi-skilled. Presuming the claimant's past relevant work is semi-skilled would have brought claimant under Rule 201.19, which also directs a finding of not disabled
 
 
 [4]
 Section 405(g) provides in part that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." (Emphasis added)