891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Veronica J. TAYLOR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1260.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARD H. JOHNSTONE, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Veronica J. Taylor appeals from the district court's affirmance of the Secretary's denial of plaintiff's claim for disability benefits under the Social Security Act, as amended, 42 U.S.C. § 301 et seq. The issue on appeal is whether substantial evidence supports the Secretary's conclusion that plaintiff had transferable skills.
 
 
 2
 We conclude that the district court's judgment for the Secretary should be affirmed.
 
 I.
 
 3
 Plaintiff was born on May 16, 1933. She has a high school education. Plaintiff worked from 1981 until 1986 as a part-time salesperson at a retail clothing store and has no prior relevant work history. Plaintiff qualified for disability insured status since she has worked long enough to obtain twenty quarters of coverage. 20 C.F.R. § 404.130.
 
 
 4
 On October 2, 1986, plaintiff filed this claim for disability benefits, claiming she became disabled on April 27, 1986 due to degenerative arthritis, colitis, hiatal hernia, phlebitis, high blood pressure, ulcer and shortness of breath. Plaintiff's claim was denied initially, upon reconsideration, and by an Administrative Law Judge (ALJ) after a hearing.
 
 
 5
 The ALJ never stated that plaintiff suffered from a severe impairment, as required by step two of the five-step sequential process used to determine whether a claimant is disabled. The ALJ found that plaintiff's impairments did not meet a listed impairment (step three) and plaintiff could not perform her past relevant work (step four); however, the ALJ determined that plaintiff retained the residual functional capacity to perform a limited range of sedentary work such as cashiering and telephone sales and that under the medical-vocational guidelines (grids), plaintiff was not disabled (step five). The ALJ stated:
 
 
 6
 Notwithstanding counsel's argument that the claimant does not have transferable work skills, the vocational expert's testimony to the contrary supports my conclusion that, in view of her closely approaching advanced age, high school education, past work experience and established residual functional capacity for a limited range of sedentary work, the claimant falls within the realm of Rule 201.15 of Table No. 1, Appendix 2, Subpart P, Regulation No. 4, which provides guidance than (sic) the claimant has not been disabled within the Social Security Act, even when providing allowance for a sit and stand option.
 
 
 7
 The ALJ's denial of benefits became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review. Plaintiff then brought this action for judicial review. The district court referred this case to a magistrate, who issued a report recommending that the Secretary's denial of benefits be affirmed based on the conclusion that plaintiff did not suffer from a severe impairment (step two).
 
 
 8
 Plaintiff objected to the magistrate's report contending it failed to address the sole issue raised, whether plaintiff's aptitudes were transferable skills. The district court, "convinced that the magistrate reached the proper conclusion," adopted the magistrate's report and recommendation and granted summary judgment for the Secretary. Plaintiff then filed this appeal.
 
 II.
 
 9
 This court reviews the Secretary's denial of disability benefits under a substantial evidence standard. 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla of evidence and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Atterberry v. Secretary of Health & Human Services, 871 F.2d 567, 569 (6th Cir.1989) (citations omitted).
 
 
 10
 The social security regulations require a five-step sequential evaluation of a disability claim. 20 C.F.R. § 404.1520 (1988):
 
 
 11
 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings.
 
 
 12
 2. An individual who does not have a "severe impairment" will not be found to be "disabled."
 
 
 13
 3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meet or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors.
 
 
 14
 4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made.
 
 
 15
 5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.
 
 
 16
 A claimant bears the burden of establishing that she suffers a disability under the Social Security Act. Hurst v. Secretary of Health & Human Services, 753 F.2d 517, 518 (6th Cir.1985). If, as in this case, it is established that the claimant is unable to perform his past relevant work, "the burden shifts to the Secretary to establish that the claimant retains the residual functional capacity to perform alternative substantial gainful work which exists in the national economy." Shelman v. Heckler, 821 F.2d 316, 320 (6th Cir.1987) (citations omitted).
 
 
 17
 In this case, the ALJ considered plaintiff's disability claim under the five-step framework and found that plaintiff was not engaging in substantial gainful activity, that she suffered from early degenerative arthritis, controlled hypertension and diabetes mellitus, chest pain relieved with rest, and complaints of colitis and hiatal hernia, but her impairments did not meet or equal a listed impairment and she could not perform her past relevant work as a part-time salesperson. At step five, the ALJ found that plaintiff retains the residual functional capacity to perform a limited range of sedentary work based upon her limitations (no lifting over ten pounds, no prolonged standing, sitting or walking, and no working around moving machinery) and her acquired work skills meet the requirements of semi-skilled work and, therefore, under Rule 201.15 of the grids, plaintiff is not disabled.
 
 
 18
 Plaintiff first argues that the district court erred in failing to consider the sole issue raised, whether the Secretary erred in finding that plaintiff's aptitudes were transferable skills, when affirming the Secretary's denial of benefits. However, plaintiff fails to request any relief from this alleged error on the part of the district court and, instead, contends that this court should award benefits based on the Secretary's erroneous conclusion.
 
 
 19
 Since neither party argues that the finding of "no severe impairment at step two" is an appropriate basis for affirming the Secretary's denial of benefits, we shall ignore the district court's reasoning in granting summary judgment for the Secretary and address instead the issue whether plaintiff's aptitudes constitute transferable vocational skills.
 
 
 20
 Plaintiff contends that her ability to deal with the public, operate a cash register and make change are not transferable skills and do not evidence semi-skilled work, and thus, under Rule 201.12 of the grids, the ALJ should have found plaintiff disabled.
 
 
 21
 Rule 201.12 of the grids provides that a person is disabled if she is closely approaching advanced age, is a high school graduate, and her past work experience is unskilled.
 
 
 22
 Rule 201.15 of the grids, relied on by the ALJ, provides that a person is not disabled if she is closely approaching advanced age, is a high school graduate, and her past relevant work is at least semi-skilled and the skills are transferable.
 
 
 23
 The only difference between the two rules is whether the person's work is skilled.
 
 
 24
 The regulations define skill requirements as follows:
 
 
 25
 (a) Unskilled work. Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.... For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others) or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed....
 
 
 26
 (b) Semi-skilled work. Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing, or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work but more complex than unskilled work....
 
 
 27
 (c) Skilled work. Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced ... Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity.
 
 
 28
 20 C.F.R. § 404.1568.
 
 
 29
 Plaintiff testified that she worked as a salesperson at Foley's Uniforms, a retail outlet for doctor and nurse uniforms, and did everything that pertained to selling. She placed clothes on the racks, waited on customers, operated the cash register, made change, wrote out sales receipts, and even did inventory. It took plaintiff a week to learn how to fill out the sales receipt and inventory forms and a week to learn how to operate the cash register since she had worked on a similar register while in high school. She had no training in sales; it came naturally. She enjoyed people.
 
 
 30
 Vocational expert Elaine Tripi testified that plaintiff's part-time sales job was light semi-skilled work, the skills being "the ability to deal with the public, to handle and make change, these type of skills." These skills were transferable to two types of sedentary jobs: sedentary cashiering and telephone sales of which there are 3,000 in the Detroit metropolitan area and 6,000 in the state of Michigan. The expert noted that plaintiff's skills were on the lower end of the semi-skilled work scale, as that term is defined by the Secretary. The expert thought the work was more semi-skilled than unskilled since plaintiff had to deal with people, handle money and exercise judgment.
 
 
 31
 The ALJ concluded that plaintiff had acquired work skills which meet the requirements of semi-skilled work. We agree.
 
 
 32
 Both parties cite several cases dealing with the issue whether a certain ability is an aptitude or a skill capable of being transferred. A skill is a learned or acquired ability relating to a specific vocational activity while an aptitude involves the general ability to do basic work activities common to most jobs. Siterlet v. Secretary of Health & Human Services, 823 F.2d 918, 921 (6th Cir.1987).
 
 
 33
 In Siterlet, supra, at 921-922, the court found that blueprint reading, supervising and scheduling the work of others, running a business, using carpentry tools and operating a cash register were all acquired aptitudes and thus constituted transferable skills. (Emphasis added.) The court affirmed the denial of disability benefits.
 
 
 34
 In Steiner v. Secretary of Health & Human Services, 859 F.2d 1228, 1232 (6th Cir.1987), the court held that the ability to work with people in supervisory and therapeutic capacities, the knowledge of law enforcement, and clerical and report preparation skills are learned abilities and, therefore, are skills even though they involve reading and writing.
 
 
 35
 In the instant case, the vocational expert testified that plaintiff's skills were the ability to deal with the public, to handle money and make change and "these type of skills."
 
 
 36
 In Joniec v. Secretary of Health and Human Services, No. 87-1248 (6th Cir. May 16, 1988), the claimant worked as a bartender and operated a cash register, made change, and dealt with the general public. In an unpublished opinion this court held
 
 
 37
 the operation of a cash register [was] analogous to the operation of a typewriter found to be a transferable skill in Ellington v. Secretary of Health & Human Services, 738 F.2d 159, 161 (6th Cir.1984). Indeed, in Siterlet, supra, this circuit held that the operation of a cash register could constitute [an acquired skill].
 
 
 38
 Joniec at 11.
 
 
 39
 In view of the foregoing, we conclude that plaintiff acquired certain skills in her job; namely, the ability to operate a cash register, make change, and deal with the general public, which are transferable to the sedentary jobs identified by the vocational expert as available in the national economy: sedentary cashiering and telephone sales.
 
 
 40
 AFFIRMED.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief Judge for the United States District Court for the Western District of Kentucky, sitting by designation