**Hiram McBURROWS, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. 95–73591.

United States District Court, E.D. Michigan, Southern Division.

June 5, 1996.

J.B. Bieske, Warren, MI, for Plaintiff.

Mary S. Rigdon, Assistant United States Attorney, Eastern District of Michigan, Detroit, MI, for Defendant.

## MEMORANDUM AND ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND REVERSING AND REMANDING FOR FURTHER CONSIDERATION

COHN, District Judge.

### I.

This is a Social Security case. Plaintiff, Hiram McBurrows (McBurrows), appeals the determination of the Commissioner of Social Security (Commissioner) that McBurrows is not entitled to disability insurance benefits. McBurrows applied for disability insurance benefits on August 9, 1993, alleging disability from June 28, 1982. McBurrows's application was denied initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on December 13, 1994, at which McBurrows and Dr. Elaine Tripi, a vocational expert (VE), testified. On April 7, 1995, the ALJ denied McBurrows's application, finding that though McBurrows could not perform his past relevant work, he could perform other jobs existing in the economy. The Appeals Council affirmed the ALJ's determination, which then became the final decision of the Commissioner.

McBurrows instituted this action for judicial review of the determination pursuant to 42 U.S.C. § 405(g). The matter was re-

ferred to a magistrate judge before whom both McBurrows and the Commissioner filed motions for summary judgment. On April 23, 1996, the magistrate judge issued a report and recommendation (MJRR) that the ALJ's determination be upheld, to which McBurrows objects. For the reasons which follow, the MJRR will not be adopted, the cross motions for summary judgment will be denied, the Commissioner's determination will be reversed, and the matter will be remanded to the Commissioner for determination of whether McBurrows has any skills transferable to new work.

## II.

■ Judicial review of a Social Security disability benefits application is limited to determining whether the decision of the ALJ is supported by substantial evidence. *Smith v. Secretary of HHS,* 893 F.2d 106, 108 (6th Cir.1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The substantiality of the evidence must be based upon the record taken as a whole. *Futernick v. Richardson,* 484 F.2d 647, 649 (6th Cir. 1973).

## III.

McBurrows has a tenth grade education and his past employment was as a rubbish truck driver, which entailed nothing other than driving a truck along a required route. The ALJ found that McBurrows met the disability insured status requirements from the alleged date of disability, June 28, 1982, until September 30, 1990, on which date McBurrows was fifty-six years old. The ALJ also found that due to lower back injuries McBurrows had the residual functional capacity to perform a limited range of work in the light-exertion category, that McBurrows's past work was semiskilled, and that

McBurrows had acquired skills through his past work which, considering his residual functional capacity, could be applied to other work.

Performing the five-step sequential evaluation used to determine whether a claimant is disabled under the Social Security Act, 20 CFR § 404.1520, the ALJ found that 1) McBurrows had not engaged in substantial gainful activity since June 28, 1982; 2) McBurrows had a severe combination of impairments; 3) these impairments are not listed in, and are not medically equal to an impairment listed in 20 CFR Part 404, Subpart P, App. 1; 4) McBurrows had proven he was unable to perform his past relevant work as a rubbish truck driver; and 5) the Commissioner had met her burden of proving that, considering McBurrows's age, education, past relevant experience, and residual functional capacity, McBurrows had the ability to engage in other gainful activity. Therefore, the ALJ found McBurrows not disabled.

## IV.

The sole issue before the Court is whether the ALJ correctly found that McBurrows had acquired work skills which could be transferred to other jobs.[1] In finding that McBurrows had acquired transferable skills, the ALJ relied on Rule 202.03 of the Medical Vocational Guidelines (the "Grid"), 20 CFR Part 404, Subpart P, App. 2, for guidance. Rule 202.03 provides that an applicant limited to light work, of advanced age[2], with limited[3] or less education, and whose "previous work experience" was semiskilled with transferable skills is not disabled. Rule 202.02 of the Grid states that an applicant limited to light work, of advanced age, with limited or less education, and whose previous work experience was semiskilled but was *without* transferable skills is disabled. Therefore, whether McBurrows is disabled turns on whether his past work experience provided him with transferable skills.

---

1. The Commissioner agrees with McBurrows that the MJRR erred in concluding that even without transferable skills McBurrows could be found not disabled.

2. "[A]dvanced age (55 or over) is the point where age significantly affects a person's ability to do

substantial gainful activity." 20 CFR § 404.1563(d).

3. "We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." 20 CFR § 404.1564(b)(3).

McBurrows says that his past relevant work was either unskilled or had no transferable skills that he could take to a new job. The Commissioner argues that McBurrows's past work was semiskilled and McBurrows did have transferable skills that would allow him to perform a significant number of jobs aside from his past relevant work.

## A.

"Unskilled work" is defined in the regulations as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.... [A] person can usually learn to do the job in 30 days...." 20 CFR § 404.1568(a). "Semiskilled work" is defined as "work which needs some skills but does not require doing ... more complex work duties.... A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." 20 CFR § 404.1568(b).

■ Social Security Ruling 82–41[4] (SSR 82–41) was written to "further explain the concepts of 'skills' and 'transferability of skills'" and contains the following:

> [a] skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). § 2.a.

> ....

> The regulations' definition of semiskilled work ... states that semiskilled jobs "may require ... coordination and dexterity ... as when hands or feet must be moved quickly to do repetitive tasks." These descriptive terms are not intended, however, to illustrate types of skills, in and of themselves. The terms describe worker traits (aptitudes or abilities) rather than acquired work skills.

.... It is the acquired capacity to perform the work activities with facility (rather than the traits themselves) that gives rise to potentially transferable skills.

> At the lower level of semiskilled work ... are jobs like those of a chauffeur.... Transferability of skills is not usually found from this rather simple type of work. When job activities are at this minimal level of skill, an ... administrative law judge can often ... make the determination that the worker has very little vocational advantage over an unskilled person and does not have transferable skills. § 2.d.

## B.

■ The VE testified that McBurrows's past relevant work as a rubbish truck driver required only light physical exertion and was semiskilled, and that McBurrows could perform other jobs, light delivery jobs, which would not be more complicated than his past relevant work. The VE also testified that McBurrows's transferable skill is, "[b]asically, being able to operate a vehicle—eye, hand, foot coordination, depth perception—they're related to driving skills.... [A]ll of us may drive in our business. It's different when you're out there in your vehicle all day as part of your occupation.... [T]he job itself requires that skill."

The ALJ relied on the VE's testimony, which the ALJ characterized as stating that McBurrows "had acquired various skills that would transfer to other driving positions including the driving skills of depth perception; eye, hand and foot coordination; and the thought processes and judgement necessary to perform the driving work."

## C.

### 1.

■ Depth perception, hand-foot-eye coordination, and "independence of judgment [or] responsibility for a work product" are

4. Social Security Rulings include "statements of policy and interpretations which have been adopted but have not been published in the FEDERAL REGISTER." 20 CFR § 422.406(a)(4). "The [Commissioner] is bound by her own regulations and rulings until she changes them, even when the action under review is discretionary." *Pope v. Shalala*, 998 F.2d 473, 486 (7th Cir. 1993).

not job skills but aptitudes. *Cole v. Secretary of HHS*, 820 F.2d 768, 773 (6th Cir.1987) (citing *Ellington v. Secretary of HHS*, 738 F.2d 159, 161 (6th Cir.1984)). *See also* SSR 82–41 § 2.d; *Blake v. Secretary of HHS*, 528 F.Supp. 881, 885 (E.D.Mich.1981) (Cohn, J.) (finding no transferable skills in visual acuity, general intelligence, hand-foot-eye coordination, or manual dexterity). "An aptitude is an inclination, natural ability, or capacity to learn; a 'skill' is a learned ability to do a specific job." *Cole*, 820 F.2d at 773. "If only hand-foot-eye coordination ... and general responsibility are involved, no 'skills' are involved." *Id.*

McBurrows's only possible transferable skill, therefore, is any skill involved in knowing how to drive a truck. The Commissioner argues that driving a truck is a "learned ability to do a specific job," *id.*, and therefore a skill, even though the ability to drive is very common. *Cf. Steiner v. Secretary of HHS*, 859 F.2d 1228, 1232 (6th Cir.1987) (clerical and report preparation are learned abilities and therefore skills, even though they involve an ability, reading and writing, common to most people).

2.

◼ The Social Security Rulings explicitly state that "[t]ransferability of skills is not usually found from" jobs like that of a chauffeur, SSR 82–41 § 2.d, a job which involves little more than driving an automobile. Thus, knowing how to drive a motor vehicle is not necessarily a transferable skill. *See also Cole*, 820 F.2d at 773 (remanding for determination of whether operating a hi-lo vehicle imparted transferable skills aside from that of specifically operating a hi-lo vehicle). The regulations define "work experience" as used in the Grid as "skills and abilities you have acquired *through work* you have done which show the type of work you may be expected to do." 20 CFR § 404.1565(a) (emphasis added). *Cf. Ellington*, 738 F.2d at 160–61 (particular vocational education may also provide skills). Neither the VE nor the ALJ identified any *skills*

McBurrows had acquired through work or vocational education which were utilized in driving the rubbish truck. Thus, there is not substantial evidence in the record to support the ALJ's finding that McBurrows had acquired transferable skills, and this finding will be reversed.

3.

However, McBurrows may have acquired from his past employment transferable skills. In an unpublished opinion, the Sixth Circuit stated that "operation of a motor vehicle unquestionably involves 'skills' within the meaning of that term as used in Social Security law". *Smith v. Sullivan*, 907 F.2d 151 (unpublished), 1990 WL 92665, *3 (6th Cir.)[5]. The *Dictionary of Occupational Titles* (DOT), of which the Commissioner may "take notice"[6], 20 CFR § 404.1566(d)(1), but which is not binding on the Commissioner, *Conn v. Secretary of HHS*, 51 F.3d 607, 610 (6th Cir.1995), identifies the job of "garbage collector driver" as requiring between one and three months "to learn the techniques, acquire the information, and develop the facility needed for average performance." U.S. Department of Labor, *Dictionary of Occupational Titles*, 917, 1009 (4th ed. 1991). Because McBurrows's job as a rubbish truck driver may take more than thirty days to learn, it could be considered more than an unskilled job, 20 CFR 404.1568(a), and therefore could provide transferable skills.

D.

◼ "[W]hen ... there is not substantial evidence to support one of the ALJ's factual findings and his decision must therefore be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." *Faucher v. Secretary of HHS*, 17 F.3d 171, 175–76 (6th Cir.1994) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 625–26, 110 S.Ct. 2658, 2663–64, 110 L.Ed.2d 563 (1990))[7]. "[T]he court can reverse the

---

**5.** *Smith* does not discuss SSR 82–41 § 2.d.

**6.** Neither the ALJ nor the VE referred to the *Dictionary of Occupational Titles*.

**7.** Sentence four states that a district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Com-

decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.* at 176.

The determination of whether McBurrows's past employment provided him with transferable skills, as *Smith* and the DOT suggest, or with no transferable skills, as *Cole* and SSR 82–41 suggest, depends upon the exact nature of McBurrows's job and the exact nature of the jobs to which the Commissioner asserts McBurrows can transfer. These factual issues have not been resolved, so the Court will reverse the Commissioner's determination that McBurrows was not disabled and remand the matter for a reexamination of whether McBurrows acquired transferable skills.

## V.

For the reasons stated, the MJRR is not adopted. Cross motions for summary judgment are DENIED, the Commissioner's determination is REVERSED, and the case is REMANDED for further consideration consistent with this opinion.

SO ORDERED.

missioner,] with or without remanding the cause

for a rehearing."