Mary SHAW, Plaintiff-Appellee,

v.

Richard S. SCHWEIKER, Secretary of Department of Health and Human Services, Defendant-Appellant.

No. 82–1483.

United States Court of Appeals, Sixth Circuit.

Argued June 27, 1983.

Decided March 28, 1984.

Leonard R. Gilman, U.S. Atty., Sheldon Light, Asst. U.S. Atty., Detroit, Mich., Nathan Kobin, Social Security Div., Dept. of

Health & Human Svcs., Baltimore, Md. (argued), for defendant-appellant.

Miller, Klimist, Cohen, Martens & Sugerman, Norton J. Cohen (argued), Detroit, Mich., for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and BERTELSMAN, District Judge.*

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

This is an appeal by the Secretary of Health and Human Services from a judgment of District Judge Patricia J. Boyle in the United States District Court for the Eastern District of Michigan awarding plaintiff Shaw Social Security widow's insurance benefits as a result of the demise of her husband. Mr. Shaw died in November 1972 at a time when he was fully insured. Mrs. Shaw is now 62 years old. Without representation she applied for widow's benefits in 1974.

The Administrative Law Judge and the Appeals Council denied benefits. On appeal to the District Court, the case was remanded to the Secretary for reconsideration.

On rehearing before the ALJ, he and the Appeals Council again denied benefits. The subsequent appeal to the District Court resulted in a lengthy opinion by the same District Judge, Honorable Patricia J. Boyle (now Justice Boyle of the Michigan Supreme Court). Judge Boyle's analysis of the record led her to order remand to the Secretary for award of benefits.

These proceedings have now taken a decade to arrive at this point in resolving this widow's claim. For the reasons set forth below, we now affirm the District Court and remand to it for remand to the Secretary to allow widow's benefits.

In her opinion District Judge Boyle found for plaintiff, holding that the sum total of her illnesses and injuries and the pain concomitant therewith was such as to meet the legal test for disability imposed under the applicable Act. Judge Boyle further found that among plaintiff's many problems contributing to disability were a mastectomy of the left breast due to cancer, a laminectomy, an operation for a lower back fusion, adhesions and arthritis. The essential legal argument on appeal concerns the Secretary's claim that the applicable statutory provision, 42 U.S.C. § 423(d)(2)(B) (1976), limits widow's disability benefits to inability to perform *any* gainful employment, and that this record does not support appellant's contention that she can do any.

Judge Boyle concluded:

A review of the record indicates that Plaintiff gave substantial testimony as to the severity of the pain she experienced constantly, that Plaintiff's testimony as to her physical condition is consistent with medical testimony, and that there is no suggestion of malingering. Consequently, I find no basis for disregarding Plaintiff's credibility.

The issues in this case include whether there was substantial evidence in this record to support the District Judge's award of benefits due to disability from *any* work, *see Wokojance v. Weinberger,* 513 F.2d 210, 212 (6th Cir.), *cert. denied,* 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 82 (1975), and whether the court erred in determining that plaintiff's complaints of pain were medically determinable. They also include whether or not Judge Boyle erred in ordering interest on the award of benefits to the plaintiff.

This case is distinguished from most social security disability cases by the fact that this widow's rights arise entirely out of the gainful employment of her husband, and that Congress has established a severe test of disability for such claims, whether advanced by widow or widower.

Thus in *Wokojance v. Weinberger, supra* at 212, this court said:

---

* Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Under 42 U.S.C. § 423(d)(2)(A), a wage earner is considered disabled if his impairment precludes him from engaging in *any substantial* gainful activity. Under § 423(d)(2)(B), however, a widow applying for benefits on the basis of her spouse's record as a wage earner must show that she suffers from an impairment deemed by the Secretary to preclude her from engaging in *any* gainful activity. Moreover, in assessing a wage earner's ability to work, the Secretary must consider the claimant's age, education, and work experience. By contrast, a widow's claim of disability is judged solely by medical criteria.

Accepting, of course, the strict standard mandated above, this court's study of this record convinces us, nonetheless, that this woman cannot work and that Judge Boyle is correct in awarding benefits. The record shows a great deal of medical evidence which supports Mrs. Shaw's claims of disabling pain. This includes the operations listed above and the undisputed adhesion and arthritis, along with the disability findings of her treating physicians.

In reaching this conclusion, we note that Mrs. Shaw's prior employment was in the field of general housework, where the residual effects of the problems just referred to would necessarily be affected and aggravated by bending, stooping and lifting. We also believe it to be a matter of significance that Mrs. Shaw applied to the Department of Education, Vocational Rehabilitation Service, of the State of Michigan, for vocational rehabilitation training and was denied an opportunity for such training. The reason marked on her form rejection by the Vocational Rehabilitation Service was "there is doubtful expectation that provision of vocational rehabilitation services will allow you to engage in a gainful occupation."

We do not agree with the Administrative Law Judge's (and the Appeals Council's) denial of her disability claims based on the ALJ's conclusion that Mrs. Shaw's description of her pain was "exaggerated." He founded this conclusion upon his observation that she was well dressed and pleasant in the hearing room. Mrs. Shaw attributed her ability to be pleasant to the fact that she had a great deal of support from her family. With a mastectomy of the left breast due to cancer, an unsuccessful laminectomy, an apparently successful operation for fusion of two vertebrae to the sternum, adhesions from these operative procedures, arthritis and the ten-year delay of the federal government in settling her disability claim, she has certainly needed family support.

The Judgment of the District Court is affirmed, except for the award of interest against the United States, for which we can find no sanction in law and for which neither the District Judge nor appellant's brief cites any authority.