**Ruth M. MARTIN, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 83–1114.

United States Court of Appeals, Sixth Circuit.

Argued May 1, 1984.

Decided June 11, 1984.

R. Duncan MacDonald (argued), Flint, Mich., for plaintiff-appellant.

Robert W. Haviland, Asst. U.S. Atty., Flint, Mich., Robert Martinez (argued), Dallas, Tex., for defendant-appellee.

Before LIVELY, Chief Judge, EDWARDS, Circuit Judge, and TIMBERS, Senior Circuit Judge.[*]

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

Appellant in this case is now a middle-aged woman who has worked as a bus driver, an assembly worker, and an inspector. The problems which relate to her disability claim under the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423 (West 1983), are occasioned by the fact that she suffers from a congenital lumbar abnormality for which she first sought treatment in 1974. In 1976 she had a lumbar laminectomy and spinal fusion. As a result of these operations she was able to return to work on a light assembly job where she had the option of sitting, standing or moving in assembling small plastic parts.

She was promoted to floor inspector. On December 22, 1978, while performing that work, she slipped on a plastic part that had fallen on the floor, falling hard on her hands and knees and, according to her testimony before the Administrative Law Judge, has lived in constant pain ever since that fall.

The record appears to this court to show that appellant has repeatedly sought to return to work, but asserts that she cannot because of the continual pain, which she describes in the following fashion:

> The frequency is continual. It never stops. I really don't know how to describe it. It's just an overbearing, over—just a constant, constant pain—steady. It's not an ache. It's a pain. It's always there. Sometimes I can tolerate it and sometimes it's severe, I can just do nothing but lay down. I am uncomfortable all the time. It's a deep-set pain. It's not a surface pain, it's a deep-set pain.

Twice since the accident she has sought to go back to work. The first attempt lasted five days. Thereafter she tried to return to work for her previous employer feeding light plastic pieces into a machine. This she had to quit because "the standing and sitting while I was working was increasing the pain to the point where it was unbearable." She also participated in a rehabilitation program with Goodwill Industries and tried out working four hours a day for three weeks at light clerical work. This work involved both sitting and standing, but, again, her testimony is that she was unable to continue because of pain.

Medical reports of her condition in 1979 include back x-rays which indicated degenerative arthritis and a discrepancy in the constructed sacral base, which was found to be 2.97 centimeters too low on the right.

[*] Honorable William H. Timbers, Senior Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation.

The diagnosis was acute sacroiliac strain, and acute lumbar myositis. A subsequent lumbar myelogram was within normal limits, but there are numerous medical reports thereafter indicating L4–5 nerve root irritation and "persistent back pain, varying in severity."

Although the Administrative Law Judge who recommended denial of her Social Security claim "found claimant's candor to be excellent," he nonetheless deduced from her demeanor at the hearing that her claim of severe and disabling pain was not substantiated. This court has recently dealt with a comparable situation in *Weaver v. Secretary of HHS*, 722 F.2d 310 (6th Cir. 1983):

> Additionally, we find that the ALJ did not deal correctly with the issue of pain. The ALJ discounted Weaver's complaints of pain, as we read the ALJ's opinion, solely on the basis of his own observation of Weaver at the hearing. While we recognize that observation and credibility are factors in this complicated equation, and as such are material, relevant, and admissible, we cannot allow the dismissal of a claim for pain solely on the ALJ's observations at the hearing. This procedure amounts to the infamous and thoroughly discredited "sit and squirm" test. We do not imply that there was no evidence in the record from which the ALJ could not draw the inference of a lack of pain. However, the ALJ must cite *some* other evidence for denying a claim for pain in addition to personal observation.

722 F.2d at 312.

On the whole record, we conclude that appellant is disabled from any substantial, gainful employment within the meaning of the Social Security Act. We remand to the District Court, to remand to the Secretary for the award of benefits.