805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy L. BURRIS, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 85-5864.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1986.
 
 Before MARTIN, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roy L. Burris appeals the summary judgment of the district court affirming the Secretary's denial of his social security disability benefits. Burris argues that the decision of the Social Security Administration was not supported by substantial evidence. He also claims that the Secretary and district court erred in not fully considering his complaints of pain. We affirm the decision of the district court and find there is substantial evidence in the record to support the decision of the Secretary.
 
 
 2
 In 1975 Burris filed his first application for social security disability benefits. This application was approved and Burris received benefits until he was terminated in 1983. Burris contested his termination, without success, through internal agency appeals procedures. Burris then filed a new application for disability benefits on November 25, 1983. It is his second application that is the subject of this appeal. In May 1984 an administrative law judge conducted a hearing regarding Burris's claim; an order denying benefits was issued in August. The Appeals Council affirmed the decision of the administrative law judge in November 1984. On appeal to the District Court of the Eastern District of Tennessee, the court granted summary judgment to the Secretary.
 
 
 3
 Burris is 38 years old, attended school through the ninth grade, and previously worked as a dock worker for a chemical company and a furniture manufacturer. He suffers from a chronic back problem that was worsened by an on-the-job injury in 1975. He has not worked since August 1975.
 
 
 4
 Burris claims he is entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 416(i), 423. The administrative law judge found that even though the medical evidence establishes that Burris has severe spondylolisthesis, he does not have a "disability" as defined under the Act. The statutory definition of disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). The administrative law judge found that while Burris's condition may preclude his ability to engage in heavy labor, it would not interfere with his ability to perform sedentary tasks. Thus, Burris was judged not to be disabled under the Act.
 
 
 5
 The decision of the Secretary is conclusive if supported by substantial evidence in the record. Shaw v. Schweiker, 730 F.2d 462 (6th Cir.1984); Wokojance v. Weinberger, 513 F.2d 210 (6th Cir.), cert. denied, 423 U.S. 856 (1975). The sole function of this Court is to determine whether the Secretary's decision was based on such evidence. Plank v. Secretary of Health and Human Services, 734 F.2d 1174 (6th Cir.1984); LeMaster v. Weinberger, 533 F.2d 337 (6th Cir.1976). The Supreme Court has defined substantial evidence as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 6
 As the district court correctly noted below, the Secretary's decision was based on substantial evidence in the record viewed as a whole. The evidence shows that Burris is able to control his back pain by taking only mild medications, such as Tylenol. He reports no loss of concentration as a result of the pain. He has sought treatment only sporadically although he claims the pain is continuous. He has chosen not to have surgery which was recommended to alleviate the pain. Medical reports as early as 1977 indicated he was able to perform sedentary tasks. Some evaluations detected discrepancies between Burris's subjective complaints and the examining physician's objective findings regarding his condition.
 
 
 7
 The administrative law judge also observed Burris at the hearing. He concluded that Burris's debility was not of the magnitude that would require him to lie down for most of the day or cause him to be unable to perform any activity. The administrative law judge noted that Burris sat at the hearing without evidence of severe pain, discomfort, distraction, or impaired ability to concentrate. This observation caused the administrative law judge to question Burris's credibility as a witness. An administrative decision based on credibility alone cannot be sustained. However, when, as in this case, credibility is coupled with other evidence in the record, it is proper for the administrative law judge to deny a claim for pain based, in part, on personal observation of the claimant. Weaver v. Secretary of Health and Human Services, 722 F.2d 310 (6th Cir.1983); Martin v. Secretary of Health and Human Services, 735 F.2d 1008 (6th Cir.1984).
 
 
 8
 For the foregoing reasons we find the decision of the Secretary is supported by substantial evidence in the record. The decision of the district court is affirmed.