811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alphonso DEWBERRY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1859.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1986.
 
 Before LIVELY, Chief Circuit Judge, and MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alphonso Dewberry appeals the district court's order denying his motion for summary judgment and affirming the Secretary's denial of social security disability benefits. Dewberry argues that the denial of the Social Security Administration was not supported by substantial evidence and should therefore be reversed. We find there is substantial evidence in the record to support the Secretary's decision and affirm the district court.
 
 
 2
 On January 20, 1984, Dewberry filed an application for social security disability benefits. Following an initial and a reconsidered denial of benefits by the Social Security Administration, an administrative law judge considered Dewberry's application and found that he was "not disabled" as he was able to perform substantial gainful employment. On December 14, 1984, the Appeals Council denied Dewberry's request for a review and adopted the administrative law judge's decision as the Secretary's final decision. On appeal to the District Court for the Eastern District of Michigan, the district court denied Dewberry's motion for summary judgment and affirmed the Secretary's denial of benefits.
 
 
 3
 Dewberry is fifty-four years old, has a fifth grade education and has worked as a construction laborer for thirty years for numerous companies. He has suffered from pain and discomfort in his back since his on-the-job injury in July of 1982 and has not worked since that injury.
 
 
 4
 Dewberry claims he is entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 416(i), 423. The administrative law judge found that Dewberry was suffering from an arthritic condition and from diabetes and hypertension, but that these conditions were controlled. The administrative law judge determined that Dewberry could not return to heavy manual labor, but that he had a capacity for light work. The statutory definition of disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). Because Dewberry could do light work, the administrative law judge concluded he was "not disabled" under the Act.
 
 
 5
 The Secretary's decision is conclusive if supported by substantial evidence in the record. Shaw v. Schweiker, 730 F.2d 462 (6th Cir.1984). This Court's sole function is to determine whether the Secretary's decision was based on such evidence. Plank v. Secretary of Health and Human Services, 734 F.2d 1174 (6th Cir.1984). The Supreme Court has defined substantial evidence as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 6
 As the district court correctly found, the Secretary's decision was based on substantial evidence in the record viewed as a whole. Dewberry was never hospitalized for his condition. He did not regularly follow through with physical therapy treatments. He ruled out surgery even if warranted. He failed to lose a significant amount of weight despite his doctor's instructions. An examining physician found no evidence of orthopedic physical disability or functional impairment, nor did he find any muscle soreness or atrophy in Dewberry's spine. That doctor viewed Dewberry's subjective symptomatology as "much exaggerated." The administrative law judge also noticed inconsistencies in Dewberry's testimony; for example, Dewberry said he could sit no longer than twenty minutes, but he also said he could drive fifteen miles and would sometimes sit for hours with a friend. This credibility evidence, coupled with the other evidence in the record, provides ample support for the district court's ruling that the denial of benefits was supported by substantial evidence in the record.
 
 
 7
 We affirm.