907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles A. SMITH, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 89-3963.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arises out of a denial of disability insurance and supplemental security income benefits. The claimant, appellant Charles Smith, contends that there is no substantial evidence to support the findings of the Secretary. He contends also that incorrect legal standards were applied. The district court did not find these contentions persuasive, and neither do we; we shall affirm the district court's judgment in favor of the Secretary.
 
 
 2
 Mr. Smith is a former truck driver who alleges that he is totally disabled as a result of circulatory problems and a back injury. He filed claims for disability insurance and supplemental security income benefits on May 15, 1984, alleging that he had been unable to work since January 2, 1981.
 
 
 3
 An administrative law judge found that the claimant suffered "from severe degenerative disc disease without nerve root involvement and chest pains of unknown origin." The ALJ denied the claims, however, holding that Mr. Smith had the residual functional capacity to perform medium level work and therefore was not disabled. Suit was filed in federal court after the decision became final, and a magistrate concluded that there was not sufficient evidence in the record to support the denial of benefits.
 
 
 4
 On remand to the agency, another ALJ held that although Mr. Smith was not disabled initially, he became disabled on his 55th birthday, August 17, 1985, when he reached what the regulations deem to be "advanced age." The Appeals Council reversed the ALJ's decision. Supplemental hearings were then conducted at which Mr. Smith, his wife, a medical advisor, and a vocational expert testified. In October of 1988 an ALJ again held that the claimant was not disabled. Mr. Smith then filed the present action in federal district court. Magistrate Charles E. Laurie recommended summary judgment in favor of the Secretary, and the court adopted that recommendation. This appeal followed.
 
 
 5
 The extensive medical evidence in this case is well summarized in the report and recommendation of Magistrate Laurie, and we shall not retrace the magistrate's steps here. We do pause, however, to mention a few items from the medical record. During a supplemental hearing held in May of 1988, Mr. Smith testified that he experiences constant pain in both legs, that he has back and shoulder pain intermittently, and that he has occasional pain in both wrists and in his hands. He said that he can walk about two blocks, stand fifteen minutes, and lift ten pounds. He admitted that his doctors have encouraged him to walk and have imposed no functional restrictions.
 
 
 6
 Included in the medical record is the report of Dr. Thomas Strachan, one of Mr. Smith's treating physicians. Dr. Strachan says that Mr. Smith suffers diffuse polyneuropathy and that he has bilateral carpal tunnel syndrome. A July 1987 note from Dr. Strachan said that Mr. Smith had requested a letter stating that he was disabled because of neurological problems. Dr. Strachan wrote: "I did not feel that I could do that. I think he has a partial disability with clearcut abnormalities to suggest underlying polyneuropathy." In December 1987, Dr. Strachan told Mr. Smith's attorney that Mr. Smith "has no significant disability related to his peripheral neuropathy."
 
 
 7
 Also included in the record is the testimony of Robert Mosley, a vocational expert. Mr. Mosley stated that the claimant's past work as a truck driver entailed the following skills: operating a motor vehicle, observing traffic regulations, coordinating eyes, hands, and feet to operate the vehicle, being physically able to drive for long periods, and math skills necessary to collect delivery receipts. Mr. Mosley said that these skills would be transferable to a significant number of other jobs in the truck driving industry.
 
 
 8
 In response to a hypothetical question from the ALJ, Mr. Mosley testified that an individual of Mr. Smith's age, educational and work background, who could perform light work with restrictions on low light situations, uneven terrain, and no overhead reaching, could perform the following jobs: truck driver, concrete mixing truck driver, telephone directory distributor, automobile manufacturer, and chauffeur. Mr. Mosley estimated that 260,000 such jobs exist in the national economy and 2,500 such jobs exist in the local economy.
 
 
 9
 The Secretary's findings of fact must be accepted by the courts if supported by substantial evidence. 42 U.S.C. Sec. 405(g); McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1001 (6th Cir.1988). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This court "may not try the case de novo, nor resolve conflicts of evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The Secretary's determinations are not subject to reversal solely because substantial evidence would also have supported the opposite conclusion.
 
 
 10
 Mr. Smith claims to be totally disabled, and the ultimate burden of proof on this issue rests on him. Listenbee v. Secretary of Health and Human Services, 846 F.2d 345, 349-50 (6th Cir.1988). The claimant must prove that he is totally unable
 
 
 11
 "... to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Secs. 423(d)(1)(A), 1382(c)(3)(A).
 
 
 12
 Mr. Smith's first contention on appeal is that there is insufficient evidence to support the Secretary's findings of no disability. More specifically, he challenges the findings made by the ALJ that the allegations of incapacitating pain are not fully credible because they are not supported by the medical record.
 
 
 13
 It is within the province of an ALJ to determine the credibility of allegations of pain. Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir.1984). The ALJ's opportunity to observe the claimant "is invaluable, and should not be discarded lightly." Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir.1978). However, subjective evaluation is not enough to deny a claim of pain--the ALJ must cite some evidence. Weaver v. Secretary of Health and Human Services, 722 F.2d 310 (6th Cir.1983); Martin v. Secretary of Health and Human Services, 735 F.2d 1008, 1010 (6th Cir.1984).
 
 
 14
 In Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), this court set out the following test for evaluating claims of disabling pain:
 
 
 15
 "First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain."
 
 
 16
 Id. at 853. See also, S.Rep. No. 466, 98th Cong., 2d Sess. 24, reprinted in 130 CONG.REC. S6221 (daily ed. May 22, 1984).
 
 
 17
 Although there is some evidence indicating pain, the medical evidence does not suggest that it is severe. Further, there is substantial evidence in the record to suggest that the claimant is not totally disabled. Most notable in this regard are the medical findings of Dr. Strachan, a treating physician. Dr. Strachan said unequivocally that Mr. Smith suffers no significant disability due to neurological problems.
 
 
 18
 Mr. Smith next appears to challenge the use of the Medical Vocational Guidelines as an aid in determining that there was no disability. After he determined that the exertional demands of Mr. Smith's past work exceeded his capacity, the ALJ referred to the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, commonly referred to as the "grid." After a claimant shows he can no longer perform his past work, the burden shifts to the Secretary to produce evidence showing the availability of employment compatible with the claimant's disability. Price v. Heckler, 767 F.2d 281 (6th Cir.1985). When a claimant matches one of the grid's patterns, the use of the grid is appropriate to "announce that substantial gainful work in the national economy is available for that particular individual." Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). Here, due to the admitted limitations on the range of light work he can perform, Mr. Smith does not specifically fit one of the grid patterns. This does not mean, however, that the grid cannot be used. When "no specific [grid] rule applies, the rules still provide guidance for decisionmaking, such as in cases involving combinations of impairments." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(d). The grid, taken together with the testimony of the vocational expert, can be used as a guide in support of the Secretary's determination that the claimant is not totally disabled.
 
 
 19
 Finally, Mr. Smith argues that the tasks learned in truck driving are aptitudes--not skills--and are not transferable to semi-skilled light work. Transferable skills are learned abilities which combine knowledge with coordinated physical movement. Ellington v. Secretary of Health and Human Services, 738 F.2d 159, 161 (6th Cir.1984). The operation of a motor vehicle unquestionably involves "skills" within the meaning of that term as used in Social Security law. In the present case, the vocational expert pointed to a number of specific skills the claimant has developed, and determined that such skills are transferable to various semi-skilled light jobs. Because the jobs so identified are similar in the degree of skill required, the type of vehicle used, and the types of processes and services involved, we believe that there was substantial evidence that Mr. Smith's skills are transferable. See 20 C.F.R. Sec. 404.1568(d)(2).
 
 
 20
 The judgment is AFFIRMED.