985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vinnie JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1803.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before KENNEDY and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Vinnie Johnson, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for social security disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson filed her application for supplemental security income benefits on February 12, 1990, alleging a disability due to asthma, diabetes mellitus and back pain. In addition, Johnson is obese at 4 feet 11 inches tall and weighs 210 pounds. Johnson was born on December 28, 1948, and has an eleventh grade education. She has no past relevant work experience. 20 C.F.R. § 416.965. She has not engaged in substantial gainful activity since she filed her supplemental security income application in February 1990.
 
 
 3
 Johnson alleges a disability since 1975 although there is not a great deal of medical evidence which shows ongoing treatment for her various problems. Most of Johnson's treatment has been through various health clinics. She has never been hospitalized as a result of her impairments. She was treated for three months in 1990 by Dr. Walker, but there are no medical reports from any other doctor who has treated Johnson on a consistent basis throughout the years.
 
 
 4
 Johnson testified before an administrative law judge (ALJ) that she cannot work due to back pain, blurred vision from her diabetes and difficulty breathing due to her asthma. Although Johnson initially reported to the Social Security Administration that she cleaned, cooked, did the laundry, grocery shopped and did yardwork, she later reported and testified that she is unable to do any of these activities.
 
 
 5
 An ALJ determined that Johnson had the residual functional capacity (RFC) to perform sedentary work with a sit/stand option, in a clean-air environment without extremes in temperature, and where she would not be required to perform frequent overhead reaching or work which required fine visual acuity. Using the medical-vocational guidelines (grids) as a framework for decisionmaking and relying on the testimony of a vocational expert (VE), the ALJ found that there were a significant number of jobs in the national economy that Johnson could perform and, therefore, denied benefits. The Appeals Council denied Johnson's request for review.
 
 
 6
 Johnson then filed a complaint seeking judicial review. The district court found that there was substantial evidence to support the Secretary's decision and granted summary judgment for the defendant.
 
 
 7
 On appeal, Johnson argues that the Secretary's decision denying benefits is not supported by substantial evidence because: (1) the Secretary's regulations require a finding of disability where a claimant cannot perform a full range of sedentary work; (2) the ALJ did not make an accurate credibility assessment and did not properly evaluate her complaints of pain; and (3) the Secretary failed to show that there were a significant number of jobs in the national economy that Johnson could perform. The appellee has waived oral argument. Although requested to do so by October 26, 1992, Johnson has not objected to the submission of the case on the briefs. Thus, she has waived oral argument in this case.
 
 
 8
 The standard of review that applies to Johnson's case was articulated by this court in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam):
 
 
 9
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 10
 Id. at 681 (citations omitted). If supported by substantial evidence, the Secretary's decision must be affirmed, even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 11
 Substantial evidence exists to support the Secretary's decision. Initially, it is clarified that the Secretary's decision denying benefits was reached at the fifth step of the five-step approach for determining eligibility for disability benefits. See 20 C.F.R. § 416.920. The first four steps are not in issue, i.e., Johnson is not gainfully employed, she is severely impaired, but her impairments do not meet or equal the severity criteria listed in 20 C.F.R. Part 404, Subpart P, App. 1, and she has no past relevant work experience. At the fifth step, it is the Secretary's burden to show that alternate jobs are available to the claimant in the economy, considering her RFC and other factors. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The Secretary's decision at the fifth step is supported by substantial evidence. Taking into account Johnson's exertional and nonexertional impairments, the Secretary properly determined that she could perform less than a full range of sedentary work.
 
 
 12
 Johnson argues that if a claimant cannot perform a full range of sedentary work, 20 C.F.R. Part 404, Subpart P, App. 2, § 201.00(h) and Social Security Rulings 83-12 and 91-3 require a finding of disability. This argument lacks merit. Section 201.00(h) provides that where significant nonexertional limitations exist, reliance solely on the grids is inappropriate to find a claimant not disabled. See Abbott v. Sullivan, 905 F.2d 918, 927 (6th Cir.1990). Section 201.00(h) merely removes the mandatory directive of the grid rule where it is not appropriate. Id. It does not require a finding of disability where a claimant cannot perform a full range of sedentary work as argued by Johnson. Johnson's reliance on § 201.00(h) is also misplaced because she simply does not fit the factual criteria of the two examples discussed under this section.
 
 
 13
 Johnson also erroneously relies on SSR's 91-3 and 83-12 to support her argument. SSR 91-3 applies to widows, widowers and surviving divorced spouses and not to persons under age fifty. SSR 83-12 is consistent with and supports the ALJ's decision, as this Ruling indicates that in cases of unusual limitations on ability to sit or stand, a VE should be consulted to clarify the implications on a claimant's occupational base.
 
 
 14
 In this case, the ALJ did not rely exclusively on the grids to find Johnson not disabled. The ALJ relied on the grids as a framework for decisionmaking and the testimony of a VE, in order to determine that Johnson was not disabled, even though she retained the RFC to perform a limited range of sedentary work. Johnson has cited no authority which supports her argument that the Secretary must find a claimant disabled if he or she only has the RFC to perform less than a full range of sedentary work. Thus, this argument fails.
 
 
 15
 With regard to Johnson's second argument, the ALJ properly concluded that Johnson's testimony was less than credible and that her complaints of pain were not fully supported by the objective medical evidence. In determining whether a claimant suffers from debilitating pain, the court applies the following two-part test announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986):
 
 
 16
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 17
 See also McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988) (Duncan test applies to the Reform Act of 1984 and to the Secretary's superseding regulations on pain). Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, id., and it is the Secretary's function to resolve conflicts in the evidence and to determine issues of credibility. King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984). While there is some objective medical evidence establishing that Johnson has diabetes, asthma and problems with her back, she fails to meet the second part of the Duncan test. The physical findings and her treatment history do not show her medical condition is of such severity that it can reasonably be expected to produce disabling back pain, difficulty breathing or significant blurred vision.
 
 
 18
 There is an absence of ongoing and consistent neurologic deficits such as reflex, sensory, gait and motor abnormalities oftentimes indicative of a severe back impairment which can cause intractable pain. See Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 230-31 (6th Cir.1990); Duncan, 801 F.2d at 854. Dr. Walker noted there was "possible arthritis" but x-rays have been normal. Johnson has never been hospitalized for any of her impairments. On several occasions, Johnson's asthma was characterized as mild, stable, and she receives relief when using an inhaler. The record shows she has difficulty with extremes in temperature, but the ALJ accounted for this limitation in determining Johnson's RFC. Doctor Walker reported "fair" control of her diabetes, and on those occasions when it was uncontrolled, it was suggested that Johnson was not adhering to a proper diet. There is no end-organ damage resulting from her diabetes. She is obese at 4 feet 11 inches tall and weighs 210 pounds, but she does not meet the severity criteria outlined in § 10.10A of the Secretary's Listing of Impairments because she does not weigh 224 pounds and there is no x-ray evidence of arthritis in a weight bearing joint as required under § 10.10A. The physical findings and her treatment history do not support her complaints of disability from blurred vision, difficulty breathing and back pain.
 
 
 19
 Furthermore, the ALJ did not err by finding Johnson's testimony and complaints highly exaggerated and less than credible. Contrary to Johnson's argument, the ALJ did not apply the "sit and squirm" test, nor did he base his credibility determination solely on what he observed at the hearing. The ALJ considered Johnson's daily activities and the relatively few physical findings in making his assessment. It should also be noted that Johnson gave inconsistent information about her activities to the Social Security Administration. In February 1990, she reported that she did housework, yardwork, the laundry and grocery shopped. However, some two months later, she reported an inability to perform any of these activities even though the record suggests her medical condition improved during this time. The ALJ properly relied on evidence other than his personal observations to reject Johnson's complaints and to find her testimony less than credible. See Martin v. Secretary of Health and Human Services, 735 F.2d 1008, 1010 (6th Cir.1984). The ALJ's credibility finding is entitled to deference. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1030 (6th Cir.1990).
 
 
 20
 Lastly, Johnson challenges the Secretary's finding that she could perform a significant number of jobs in the national economy. Specifically, Johnson argues that most of the jobs cited by the VE at the hearing do not exist in significant numbers because they are in isolated areas, are not easily accessible and cannot be reached by public transportation and Johnson does not drive. This argument lacks merit as 20 C.F.R. § 416.966 provides that the Secretary is to consider work either in the region where a claimant lives or in several regions of the country, notwithstanding whether the work exists in the immediate area in which the claimant resides, whether a specific job vacancy actually exists, or whether the claimant would be hired. Where there is testimony from a VE that a significant number of jobs exist for which a claimant is qualified, it is immaterial that the number is a small percentage of the total number of jobs in a given area. Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988) (1,350 to 1,800 jobs in region of claimant's residence was a significant number despite the fact that these jobs represented between .25% to .33% of total jobs in region); Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-79 (9th Cir.1989) (1,266 jobs is within parameters of a significant number of jobs); Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988) (500 jobs in region is a significant number of jobs). In this case, the VE testified that there were approximately 8,000 jobs in the lower peninsula of Michigan that she could perform given her RFC and that approximately 500 to 750 of these jobs existed in the greater Lansing, Michigan area. The VE's testimony constitutes substantial evidence to support the Secretary's finding that Johnson is capable of performing a significant number of jobs existing in the regional and national economy. See Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam). The Secretary met his burden at the fifth step in the sequential evaluation outlined in 20 C.F.R. § 416.920.
 
 
 21
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.