23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Roger HARTMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2356.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: GUY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Roger Hartman appeals a district court judgment affirming the Secretary's denial of his application for social security disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hartman filed an application for social security disability insurance benefits with the Secretary alleging that he suffered from degenerative disease of the lumbar spine. Following a hearing, an administrative law judge (ALJ) determined that Hartman was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council affirmed the ALJ's determination.
 
 
 3
 Hartman then filed a complaint seeking review of the Secretary's decision. A magistrate judge recommended reversing the Secretary's decision and awarding benefits. The district court rejected this recommendation, and held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary. While his appeal was pending before the district court, Hartman was killed in a car accident. Therefore, this appeal will review a closed period of disability from Hartman's alleged onset date of disability until the day of his death.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly rejected Hartman's subjective complaints of disabling pain. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). The ALJ properly cited evidence other than his own personal observations in concluding that Hartman's testimony was not credible. Martin v. Secretary of Health and Human Servs., 735 F.2d 1008, 1010 (6th Cir.1984). Finally, the ALJ could consider Hartman's daily activities in concluding that he was not suffering from disabling pain. See Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir.1993); Bradley v. Secretary of Health and Human Servs., 862 F.2d 1224, 1227 (6th Cir.1988) (per curiam).
 
 
 5
 Accordingly, we affirm the district court's judgment.