57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Roger MOORE, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-3048.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 1
 Before: NELSON and RYAN, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 2
 Roger Moore appeals a district court judgment dismissing the Secretary's denial of his applications for social security disability insurance benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Moore filed two applications for social security disability insurance benefits alleging that he suffered from lower back pain and numbness in both legs. Following a hearing, the Administrative Law Judge (ALJ) determined that Moore was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Moore then filed a complaint seeking review of the Secretary's decision. The parties consented to have the case decided by a magistrate judge. The magistrate judge affirmed the denial of benefits and granted summary judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Moore contends that the Secretary erred by concluding that he did not suffer from disabling pain. To determine whether a claimant suffers from debilitating pain, the court applies the following two-part test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986):
 
 
 7
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 8
 Although there is no dispute that objective medical evidence of an underlying medical condition exists, Moore has failed to fulfill the second part of the Duncan test. The objective medical evidence in the record simply does not establish that Moore's conditions were so severe that he suffers from disabling pain.
 
 
 9
 Moore also contends that the ALJ failed in giving proper weight to the opinions of several treating physicians. The ultimate determination regarding disability remains with the Secretary, even if the determination is at odds with the opinion of a treating physician. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). The Secretary is not bound by the physician's opinion, even that of a treating physician, if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). As there is substantial evidence contradicting the treating physicians' opinions that Moore suffers from disabling pain, the Secretary is not bound by the opinions of Moore's treating physicians. Furthermore, we note that the medical records of the treating physicians contradict the physicians' own opinions.
 
 
 10
 We further note that the credibility determinations regarding subjective complaints of pain rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). It is the Secretary's function to resolve conflicts in the medical evidence and to determine issues of credibility. See King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984). The ALJ must cite to some evidence other than his personal observations in rejecting the claimant's complaints of severe and disabling pain. See Martin v. Secretary of Health and Human Servs., 735 F.2d 1008, 1010 (6th Cir.1984). As the ALJ cited evidence other than his own personal observations in rejecting Moore's allegation of severe pain, the ALJ did not err in concluding that Moore's allegation of disabling pain was not credible.
 
 
 11
 Finally, Moore argues that the case should be remanded back to the Secretary so that a medical expert can evaluate evidence submitted to the Secretary after the administrative hearing was held. However, we conclude that Moore is not entitled to an order of remand because this argument does not satisfy the requirements of 42 U.S.C. Sec. 405(g). See Oliver v. Secretary of Health and Human Servs., 804 F.2d 964, 966 (6th Cir.1986); Willis v. Secretary of Health and Human Servs., 727 F.2d 551, 553-54 (6th Cir.1984) (per curiam).
 
 
 12
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation