57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Betty J. GRIGSBY, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-5813.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 
 ORDER
 
 1
 Betty J. Grigsby appeals a district court order denying her application for supplemental security income benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Grigsby filed an application for supplemental security income benefits alleging that she suffered from arthritis. Following a hearing, an Administrative Law Judge (ALJ) determined that Grigsby was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Grigsby then filed a complaint seeking review of the Secretary's decision. The district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Grigsby contends that she satisfies a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. However, the objective medical evidence establishes that Grigsby's obesity was not so severe, during the limited time period in question, as to meet a listed impairment.
 
 
 6
 In addition, the ALJ properly rejected Grigsby's subjective complaints of disabling pain. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). The ALJ properly cited evidence, other than his own personal observations, to conclude that Grigsby's testimony was not credible. Martin v. Secretary of Health and Human Servs., 735 F.2d 1008, 1010 (6th Cir.1984).
 
 
 7
 Grigsby contends that she suffers from disabling pain. However, there is simply no objective medical evidence which establishes that Grigsby's impairments are so severe as to produce disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). The Secretary properly used the medical-vocational guidelines (grids) to establish that Grigsby was not disabled because Grigsby does not suffer from a nonexertional impairment. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987); Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987). Finally, we conclude that Grigsby's remaining arguments are without merit.
 
 
 8
 Accordingly, we affirm the district court's order.