91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Georgetta THOROUGHMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 95-6656.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; ROSEN, District Judge.*
 
 ORDER
 
 2
 Georgetta Thoroughman appeals a district court judgment affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Thoroughman filed an application for supplemental security income benefits alleging that she suffered from pain in the right shoulder and arm, diabetes, muscle spasms in the back, impaired vision, and high blood pressure. Following a hearing, an administrative law judge (ALJ) determined that Thoroughman was not disabled because she could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Thoroughman then filed a complaint seeking a review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Thoroughman argues that she has produced objective medical evidence which establishes that she suffers from disabling pain as required by Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). However, Dr. Shouse's report of October 18, 1993, and Dr. Fritzhand's report of November 12, 1993, show that there is no objective medical evidence to support Thoroughman's claims of disabling pain. Therefore, Thoroughman has not satisfied the second prong of the Duncan standard.
 
 
 7
 Thoroughman contends that the ALJ erred by concluding that her testimony was not credible. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). An ALJ must cite to evidence to reject a claimant's complaints of severe and disabling pain. See Martin v. Secretary of Health and Human Servs., 735 F.2d 1008, 1010 (6th Cir.1984). As the ALJ cited to the fact that there is no objective medical evidence to support Thoroughman's complaints of disabling pain, the ALJ's credibility determination was proper.
 
 
 8
 Finally, Thoroughman contends that the Commissioner should not have relied on the medical-vocational guidelines to satisfy her burden as Thoroughman suffers from nonexertional impairments. However, pain is not a nonexertional impairment which prevents the use of the guidelines. See Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987). Further, Thoroughman's limited education is not considered a nonexertional impairment as it is considered in the guidelines.
 
 
 9
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation